

**U.S. Department of Justice**
United States Attorney
Eastern District of Louisiana

---

*James S. C. Baehr*  |  650 Poydras Street, Suite 1600  |  Telephone: 504-680-3023
*Assistant United States Attorney*  |  New Orleans, Louisiana 70130  |  Fax: 504-589-2027

April 20, 2016

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  APR 2 0 2016

WILLIAM W. BLEVINS
CLERK

Honorable Kurt D. Engelhardt
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

    Re:    **United States v. Harry J. Morel, Jr.**
           <u>**Criminal Docket No. 16-050**</u>

Dear Chief Judge Engelhardt:

    In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Harry J. Morel, Jr., the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Ralph Capitelli, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The defendant understands that he has a right to have his case presented to a grand jury before he can be charged with a federal felony offense. However, as part of this plea agreement the defendant agrees that the government can charge him by filing a bill of information which outlines the charge against him.

    The defendant has agreed to plead guilty to Count One of the Bill of Information, which was filed on March 30, 2016, in which the defendant is charged with Obstruction of Justice, in violation of Title 18, United States Code, 1512(d)(1).

    The Government has agreed that should the Court accept the defendant's plea of guilty to Count 1, the Government agrees that it will not charge the defendant with any other violations stemming from this investigation that he may have committed in the Eastern District of Louisiana prior to the date of the instant offense. However, the defendant understands that this agreement does not apply to any crimes of violence which the defendant may have committed.

The defendant further understands that the maximum penalty for this offense is three (3) years of imprisonment and/or a fine of $250,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

Despite this potential sentencing range, the Government recommends, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, that the Court impose the maximum sentence of three years in prison. The Government believes that this sentence is appropriate in this case based on the factors set forth in Title 18, United States Code, Section 3553, defendant's position in the criminal justice system when he committed this crime, his current age, and the significant evidentiary and/or admissibility issues that could exist at a trial. The parties understand that this is simply a recommendation and that the court is not bound to accept this recommendation by the Government. If the court finds that this sentence is not appropriate it can impose any sentence within the statutory limits set by Congress. Failure by the court to impose this recommended sentence will not give the defendant a justifiable reason to withdraw this guilty plea. The Court will determine the amount, if any, of a fine to levy against the defendant.

The defendant agrees that any restitution imposed in this case pursuant to Title 18, United States Code, Section 3663 and/or 3663A, if applicable, will be non-dischargeable in any bankruptcy proceedings and that the defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the defendant understands that a mandatory special assessment fee of $100.00 shall be imposed under the provisions of Title 18, United States Code, Section 3013. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of not more than one (1) year pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which the defendant's conduct will be monitored by the Court or the Court's designee. The defendant fully understands that if the defendant violates any of the conditions of supervised release that the Court has imposed, the defendant's supervised release may be revoked and the defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

The defendant understands that any discussions with the defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant is also aware that the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and Section 1B1.3 of the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant. The defendant understands that if the Court accepts his guilty plea, that he could be sentenced to three years in prison, a fine up to $250,000.00, and to a term of supervised release in accordance with the law.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promises and agreements made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

d. The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the

3

Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws his decision to plead guilty, his guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Sincerely,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

_____  3-30-16
RALPH CAPITELLI         Date
Attorney for Defendant

_____  3/30/16
JAMES S. C. BAEHR       Date
Assistant United States Attorney

_____  3-30-16
HARRY J. MOREL, JR.     Date
Defendant

4