UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO. 16-050** |
| **v.** | * | **SECTION:   "N" (5)** |
| **HARRY J. MOREL, JR.** | * | |
| | * * * | |

### UNITED STATES' NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF <u>*EX PARTE* MOTION TO SEAL</u>

**MAY IT PLEASE THE COURT**: The United States respectfully submits under LR 5.6 its non-confidential memorandum in support of its *ex parte* motion to seal the memorandum and attached exhibits addressing the August 15, 2016 correspondence that Federal Bureau of Investigation (FBI) Special Agent (SA) Michael S. Zummer sent to the Court. The Court should seal the United States' memorandum and exhibits for the following three reasons.

First, the United States' submissions assert privilege over extensive portions of SA Zummer's letter and explain the bases therefor. Publicly filing these submissions, while not revealing the exact contents of the privileged portions, would still reveal information related to confidential communications that SA Zummer was not authorized to disclose to the Court or public. Sealing the United States' submissions, at least while the Court considers the United States' request to return SA Zummer's letter, would respect both the United States' good-faith assertions of privilege, and the privilege-holder's consistent intent and actions to maintain the confidentiality of its privileged communications.

Second, other than defendant Harry J. Morel, Jr. and himself, SA Zummer's lengthy letter identifies 31 other individuals – some current AUSAs, some former AUSAs, some state officials,

1

some prior criminal defendants, some private attorneys, and some FBI agents. The majority of these individuals do not know that they have been named in SA Zummer's unauthorized letter, nor do they know the substance of his allegations, or the possibility of imminent publicity. The United States' submissions, while not revealing a comprehensive list of these 31 individuals, must, nonetheless, identify some individuals to substantiate the assertions of privilege. These individuals have some minimal privacy rights in protecting their names from association with alleged improprieties in a law-enforcement agent's letter that—despite its pleas to the contrary—could be incorrectly perceived as an official government finding.

Third, the United States' submissions contain internal, deliberative communications of FBI personnel specifically addressing their review and disposition of SA Zummer's requests to send his letter to the Court and public. These submissions will help contextualize the procedural history of SA Zummer's letter to the Court, and are relevant to the Court's consideration of legal issues pertaining to capacity and privilege. Though helpful and relevant, internal communications of this sort would not be revealed to the Court or public absent SA Zummer's extraordinary decision to disregard his employer's instructions, breach his Employment Agreement, and divulge confidential communications. Maintaining the United States' submissions under seal would preserve *status quo* for internal communications of this type, and disincentivize the lure SA Zummer and any other similarly situated individuals may perceive to engage in an analogous course of unauthorized conduct.

For these reasons, the Court should grant the United States' motion and enter an order sealing the United States' memorandum and exhibits addressing SA Zummer's letter.

Respectfully submitted,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

*s/Peter M. Mansfield*
PETER M. MANSFIELD (# 28671)
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone:  (504) 680-3047
Facsimile: (504) 680-3184
Peter.Mansfield@usdoj.gov

**CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing pleading has been served upon all counsel of record to this proceeding by ECF, facsimile, or mailing the same by first class United States mail, postage prepaid on this 6th day of September, 2016.

*s/Peter M. Mansfield*