UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-50 |
| HARRY J. MOREL, JR. | SECTION "N" (5) |

# **O R D E R**

On August 15, 2016, the chambers of the undersigned received correspondence from FBI Special Agent Michael Zummer, wherein he describes at length various aspects of the investigation of activities of the defendant herein, and considerations regarding the decision to prosecute the defendant, on what charges, and the evidentiary basis for such considerations. The letter, consisting of 31 pages, was submitted in connection with Defendant Harry J. Morel, Jr.'s August 17, 2016 sentencing.

At the August 17th sentencing hearing, the Court sentenced the defendant to the maximum term of imprisonment – three years – authorized by statute, 18 U.S.C. § 1512(d)(1), for the single obstruction of justice offense that was charged in this matter. The three-year prison sentence represents an upward variance from the otherwise applicable guideline imprisonment range and was recommended by the Government pursuant to Federal Rule of Criminal Procedure Rule 11(b)(1)(B). In determining the propriety of that recommendation, the Court considered the many other letters received in support of and in opposition to the interests of the defendant, referenced those letters at the sentencing hearing, and made them available immediately thereafter. On the other hand,

however, though the Court also referenced FBI Special Agent Zummer's letter during the course of the August 17, 2016 hearing, that letter's contents were *not* a factor in the three-year statutory maximum sentence ultimately imposed. Given that, the Court, at the request of the United States Attorney, did not disclose the letter at that time. Instead, the Court gave the government seven days to file a memorandum addressing its arguments against disclosure.

Following an extension of time permitted by the Court, the government submitted its memorandum to chambers on September 6, 2016. On that date, FBI Special Agent Zummer also supplemented his prior submission to address various privileges he expected the government would assert. Having now again carefully reviewed the August 15, 2016 correspondence, as well as the September 6th submissions, the Court, for a number of reasons, declines to order any disclosure of either of FBI Special Agent Zummer's submissions.

First, the Court considers this correspondence in the context of only this criminal prosecution. More specifically, the government chose to bring one charge, obstruction of justice, in violation of 18 U.S.C. § 1512(d)(1), to which the defendant entered a guilty plea and was sentenced to the statutory maximum term of incarceration. Relative to that charge, FBI Special Agent Zummer's letter presents no new information in addition to that set forth in the Factual Basis (Rec. Doc. 22). Nor, as previously stated, has it impacted the sentence the Court imposed. Accordingly, it bears no relevance to the particular issues determined by the Court in this proceeding.

Second, insofar as FBI Special Agent Zummer's letter provides extrinsic information regarding the detailed investigation he spearheaded, various pieces of information discovered in this investigation, communications between him and others at the FBI and the Department of Justice,

as well as his disagreement with various prosecutorial decisions, the record of this criminal case is not the appropriate venue for publication of such information. That being said, the legitimate concerns of FBI Special Agent Zummer – that the Department of Justice is either unable or unwilling to self-police lapses of ethics, professionalism and truthfulness in its ranks – are shared by the undersigned, particularly over the last few years. Nevertheless, while the Court finds FBI Special Agent Zummer's correspondence particularly interesting (and troubling, to say the least), other avenues are available for the lodging of such complaints, and pursuit of remedies. In other words, the sentencing of the defendant in this case does not encompass the airing of such grievances, no matter how legitimate, of investigatory agents who are justifiably concerned about the manner in which the case was handled prior to charges being brought.

    Finally, nothing in this Order itself prohibits FBI Special Agent Zummer from making his concerns public by other means. The Court neither authorizes nor prevents FBI Special Agent Zummer from doing so. Of course, this Order also does not free FBI Special Agent Zummer from any other obligation or regulation that might apply as a result of his status, all of which can and should be considered by him in determining means of disclosure and publication of his concerns. The Court makes no ruling as to the validity of the government's assertion of privilege/work product, or any other regulatory or employment guideline that may apply to FBI Special Agent Zummer. In this ruling, the Court determines only that FBI Special Agent Zummer's submissions (the August

15, 2016 letter and the September 6, 2016 supplement) and the Government's September 6, 2016 response shall not be released by the undersigned.[1]

New Orleans, Louisiana, this 15th day of September 2016.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

[1] Because none of the three submissions are properly included in the Court's record of this criminal matter, it is unnecessary for them to be placed "under seal" or considered as "sealed" by Court Order. Accordingly, **IT IS ORDERED** that the Government's September 6, 2016 motion to seal (Rec. Doc. 42) is **DENIED**.